IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TIMOTHY ARTHUR WAGNER POPE,**

    Petitioner,

v.                                    Case No. 5:17cv086-MCR/CAS

**STATE OF FLORIDA,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On March 13, 2017, Petitioner Timothy Arthur Wagner Pope, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On September 25, 2017, Respondent filed a Motion to Dismiss, ECF No. 12, arguing the Court should dismiss the § 2254 petition because Petitioner is currently a fugitive. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 11.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments show the petition should be dismissed.

## Procedural Background

At the time he filed the § 2254 petition, Timothy Pope was an inmate at the Florida Department of Corrections (DOC), serving a state sentence imposed by the Fourteenth Judicial Circuit Court, Bay County.  *See* ECF No. 1 at 1.  According to the DOC website, Petitioner Pope was released from incarceration on April 20, 2017, to serve a period of conditional release supervision.  *See* www.dc.state.fl.us/offenderSearch.  According to the same website, Petitioner has since absconded from supervision and is currently classified as a fugitive.  *See id.*

Respondent has filed a motion to dismiss.  ECF No. 12.  Respondent argues that, pursuant to the fugitive disentitlement doctrine, this Court may dismiss the petition because Petitioner Pope "has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim."  *Id.* at 2 (quoting Lynn v. United States, 365 F.3d 1225, 1240-41 (11th Cir. 2004)).

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

The Eleventh Circuit Court of Appeals has explained that "[t]he fugitive disentitlement doctrine permits courts to dismiss a fugitive's appeal in cases in which an individual escapes while at the same time attempting to invoke the jurisdiction of that particular court." Lynn, 365 F.3d at 1239.

The court further explained that the U.S. Supreme Court first recognized the doctrine in Smith v. United States, 94 U.S. 97 (1876). Lynn, 365 F.3d at 1239. The U.S. Supreme Court clarified, in Ortega-Rodriguez v. United States, 507 U.S. 234, 249 (1993), that "the fugitive disentitlement doctrine is a tool primarily for the court that had its jurisdiction invoked while the defendant was a fugitive." Lynn, 365 F.3d at 1240. The Eleventh Circuit explained:

> While the Supreme Court in Ortega-Rodriguez concluded that the fugitive disentitlement doctrine was applied too broadly, it also specifically stated that the doctrine retained its validity as a tool for courts to protect the integrity of the judicial process. *Id.* at 246 . . . ("We have no reason here to question the proposition that an appellate court may employ dismissal as a sanction when a defendant's flight operates as an affront to the dignity of the court's proceedings."). Indeed, the very premise of the fugitive disentitlement doctrine remains the same; namely, "that the fugitive has demonstrated such disrespect for the legal processes that he has no right to call upon the court to adjudicate his claim." *Id.* at 246 . . . (internal quotations omitted).

Lynn, 365 F.3d at 1240-41. Accordingly, "the fugitive disentitlement doctrine applies as a sanction where the fugitive status and the court proceedings overlap." *Id.* at 1243.

"Although historically the fugitive disentitlement doctrine has been applied in direct criminal appeals, courts have also applied the doctrine or similar rationale in habeas corpus matters." Taylor v. Holder, No. 0:12-986-

JMC-PJG, 2013 WL 1315879, at *2 (D.S.C. Mar. 8, 2013) (collecting cases and dismissing § 2241 petition because petitioner was placed on escape status).  *Accord, e.g.*, Smith v. Clarke, No. 2:13cv479, 2015 WL 4624733 (E.D. Va. July 30, 2015); Moller v. Alameda, No. 00-20190JF, 2006 WL 778624 (N.D. Cal. Mar. 24, 2006).  *See* Bagwell v. Dretke, 376 F.3d 408, 412-14 (5th Cir. 2004) (holding that fugitive disentitlement doctrine applies to federal habeas petition and remanding for determination of whether doctrine's underlying justifications support dismissal where petition was pending for eleven months prior to petitioner's escape, petitioner was out of custody for ten days, and district court dismissed petition seven months after petitioner surrendered).

Applying the rationale of the fugitive disentitlement doctrine, this Court should exercise its discretion and dismiss this case.  *See* Bagwell, 376 F.3d at 412.  Petitioner absconded only a few months after filing his petition and, as of the date of this Report and Recommendation, he remains a fugitive.  A connection exists among the underlying conviction, the conditional release from which Petitioner has absconded, and this petition.  This Court cannot enforce its judgment if Petitioner is a fugitive.

## Conclusion

Based on the foregoing, Respondent's motion (ECF No. 12) should be granted and this § 2254 petition (ECF No. 1) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and

Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 12) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 1, 2017.

<u>S/  Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or**

**recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**